IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD AL CATLIN,

      Plaintiff,

v.                                  CASE NO. 4:11-cv-624-WS-GRJ

WALTER MCNEIL, et al.,

      Defendants.

_____/

## **ORDER**

     Plaintiff, an inmate at Taylor Correctional Institution ("Taylor CI"), is proceeding *pro se* pursuant to a Complaint.  (Doc. 1.)  Plaintiff filed his Complaint on the Court's civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. For the reasons discussed below, before recommending the dismissal of this case, Plaintiff will be given the opportunity to amend his Complaint to provide further facts establishing he suffered a serious medical need as a result of his ingestion of soy protein and also establishing Defendants knew the alleged health risks presented by the Plaintiff's ingestion of soy protein.

     In his Complaint, Plaintiff brings an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 alleging that he has incurred health issues from eating food with high levels of soy protein resulting from soy-laden food items he has been provided by the Florida Department of Corrections ("FDOC") as a cost saving measure.  Plaintiff complains the excessive levels of soy protein in his diet resulted in his having to undergo medical tests and to have to use stool softeners, constipation medicines and hemorrhoid cream.  Plaintiff claims that the Defendants, Walter McNeil (former

Secretary of the FDOC), Charles Terrell (FDOC Bureau Chief of Institutional Support Services), Kathleen Fuhrman (FDOC Public Health Manager), and A. Thigpen (FDOC Central Food Administrator), acted with evil motive, malicious intent and deliberate indifference towards Plaintiff in feeding him soy protein.  Plaintiff seeks monetary damages and free medical care in the way of requested relief.

The Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A  to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

Where, as here, the claim is based upon the deprivation of food, such a claim can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980)). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").  Federal courts "[c]annot be concerned with a prison menu to which prisoners believe they are entitled. These involve matters of internal prison administration."  See Tunnel v. Robinson, 486 F. Supp. 1265, 1269 (W.D. Pa.

1980).

    The Court is not operating on a blank slate with regard to Plaintiff's claim that serving him soy-laden meals violates the Eighth Amendment. On three previous occasions judges in this District have dismissed, prior to service, almost identical cases for failure to state a claim for relief.  See Harris v. McNeil, No. 5:10-cv-76-RS/MD (N.D. Fla. 2010); Ruiz v. Fuhrman, 2010 WL 5289003, 4:10-cv-275-MP/GRJ (N.D. Fla. 2010); Mott v. Fuhrman, 2010 WL 3385338, No. 5:10-cv-146-SPM/AK (N.D. Fla. 2010).  Each of these cases was dismissed because the plaintiffs, there, failed to allege facts demonstrating the amount of soy being served was harmful to the plaintiff's health and/or that the Defendant FDOC officials had subjective knowledge of the alleged health risks associated with the ingestion of such amounts of soy protein.  Id.  Courts in other districts have also taken a similar approach in dismissing cases prior to service brought by inmates alleging that the use of soy protein in their food caused similar health issues as those described by the Plaintiff. See, e.g., Thomas v. Davis, No. 10-cv-288-DRH, 2010 WL 4225821, at *3 (S.D. Ill. Oct. 20, 2010)(dismissing suit for failure to state a claim because the inmate failed to allege facts sufficient to show that defendant warden, governor, and prison staff knew that soy protein posed a serious risk of harm to the inmate's health).

    Moreover, while other judges in this District have ordered service in two lawsuits in which FDOC inmates made similar claims to those advanced by Plaintiff in his Complaint, see, e.g., Floyd v. McNeil, No. 4:10-cv-289-RH/WCS (N.D. Fla. 2010); Meddler v. Buss, No. 4:10-cv-532-SPM/WCS (N.D. Fla. 2010),  those cases involved complaint where the plaintiff provided much greater detail with respect to the specific

medical issues suffered from ingesting large amounts of soy protein as well as the knowledge of the FDOC officials of the alleged harm soy protein causes the human body.  (No. 4:10-cv-289-RH/WCS Doc. 9; No. 4:10-cv-532-SPM/WCS Doc. 1.)  Courts in other jurisdiction have also ordered service in lawsuits where an inmate was able to provide specific, particularized allegations.  See, e.g., Richardson v. Zimmerman, No. 06-3196 (C.D. Ill. 2006)(court ordered service where Illinois state prisoner claimed he suffered ill-effects from being served excessive amounts of soy protein).

Plaintiff has failed to provide even the most basic information regarding the medical problems Plaintiff suffered as a result of the soy protein he ingested.  Nor has he provided any information whatsoever regarding the Defendants' knowledge that soy protein was harmful to Plaintiff's health.  The Complaint is devoid of any facts alleging that Defendants were advised by any person or governmental agency that soy protein is harmful.  There are no allegations in the complaint which suggest that it was even plausible the Defendants should have known that soy protein causes a health risk. Accordingly, Plaintiff will be given the opportunity to amend his Complaint to allege further facts with respect to the medical problems incurred as a result of being served soy protein as well as the Defendants' knowledge that soy protein was harmful to Plaintiff's health.

To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way refer to the original Complaint.

Accordingly, it is hereby **ORDERED** that:

1.      The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form and instructions.

2.      Plaintiff shall fully complete the complaint form.  In amending his Complaint, Plaintiff shall not refer back to the original Complaint or incorporate any part of the original Complaint by reference.  Plaintiff shall file the amended complaint, together with an identical copy of the amended complaint for each Defendant, **on or before March 23, 2012.**

3.      Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 28th day of February 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge