IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD AL CATLIN,

    Plaintiff,

v.   CASE NO. 4:11-cv-624-WS-GRJ

WALTER MCNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at Taylor Correctional Institution ("Taylor CI"), is proceeding *pro se* pursuant to a First Amended Complaint. (Doc. 11.) Plaintiff filed his Complaint on the Court's civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. For the reasons discussed below, it is respectfully **RECOMMENDED** this cause be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. The First Amended Complaint

In his Complaint, Plaintiff purports to bring an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 alleging that he has incurred health issues from eating food with high levels of soy protein resulting from eating soy-laden food items served by the Florida Department of Corrections ("FDOC"). Plaintiff complains the excessive levels of soy protein in his diet forced him to undergo numerous medical tests, including giving stool samples and require him to use including stool softeners, constipation medicines and hemorrhoid cream. Plaintiff claims that the Defendants, Walter McNeil (former Secretary of the FDOC), Charles Terrell (FDOC Bureau Chief of Institutional Support

Services), Kathleen Fuhrman (FDOC Public Health Manager), and A. Thigpen (FDOC Central Food Administrator), acted with evil motive, malicious intent and deliberate indifference towards Plaintiff in feeding him soy protein.  As relief Plaintiff seeks monetary damages and free medical care for the rest of his life.

## II.  Standard of Review

The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to independently review all cases brought by prisoners against government entities or employees.  The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

### III. Discussion

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31 (1993).  However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986).  After incarceration, "only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hamm v. DeKalb County, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement.  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Id. at 8.  In evaluating such claims, "[t]he proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289.

Where, as here, the claim is based upon the deprivation of food, such a claim

can only constitute cruel and unusual punishment if the prisoner is denied "minimal civilized measure of life's necessities." Wilson v. Seiter, 501 U.S. 294, 303 (1991).  It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975 (4th Cir. 1985)(quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980)). The food in prison, however, need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996), amended by 135 F.3d 1318 (9th Cir. 1998); Hamm v. DeKalb County, 774 F.2d at 1575 (prisoners must be provided "reasonably adequate food.").  Federal courts "[c]annot be concerned with a prison menu to which prisoners believe they are entitled. These involve matters of internal prison administration."  See Tunnel v. Robinson, 486 F. Supp. 1265, 1269 (W.D. Pa. 1980).

     The Court is not operating on a blank slate with regard to Plaintiff's Eighth Amendment claim.  On three previous occasions judges in this District have dismissed, prior to service, almost identical cases for failure to state a claim for relief.  *See, Harris v. McNeil*, No. 5:10-cv-76-RS/MD (N.D. Fla. 2010); *Ruiz v. Fuhrman*, 2010 WL 5289003, 4:10-cv-275-MP/GRJ (N.D. Fla. 2010); *Mott v. Fuhrman*, 2010 WL 3385338, No. 5:10-cv-146-SPM/AK (N.D. Fla. 2010).  The grounds for dismissal in each of those cases was based upon the failure of the plaintiff to allege facts demonstrating that the amount of soy being served was harmful to the inmate's health and the plaintiff's failure to demonstrate that the Defendant FDOC officials had subjective knowledge of the alleged health risks associated with the ingestion of soy protein.  *Id.*  Courts in other

districts have also taken a similar approach in dismissing cases, prior to service, brought by inmates alleging that the use of soy protein in their food had caused similar health issues as those described by the Plaintiff. *See, e.g., Thomas v. Davis*, No. 10-cv-288-DRH, 2010 WL 4225821, at *3 (S.D. Ill. Oct. 20, 2010)(dismissing suit for failure to state a claim because the inmate failed to allege facts sufficient to show that defendant warden, governor, and prison staff knew that soy protein posed a serious risk of harm to the inmate's health).

The two cases from this District where service was directed – which Plaintiff cites in his First Amended Complaint – in which FDOC inmates made claims about serving soy protein, s*ee, e.g., Floyd v. McNeil*, No. 4:10-cv-289-RH/WCS (N.D. Fla. 2010); *Meddler v. Buss*, No. 4:10-cv-532-SPM/WCS (N.D. Fla. 2010), are different and do not demonstrate that Plaintiff can state a viable claim.

First, in both *Floyd* and *Meddler* the plaintiff specifically alleged much greater detail with respect to both the specific medical issues they were suffering from ingesting large amounts of soy protein as well as the alleged knowledge of defendant FDOC officials regarding the harm alleged caused from soy protein. (No. 4:10-cv-289-RH/WCS Doc. 9; No. 4:10-cv-532-SPM/WCS Doc. 1.)

More notably, however, in both *Floyd* and *Meddler* the court entered summary judgment in favor of the defendants, concluding that "while prisoners are served food which contains soy, it is safe, it provides no serious health risks, and has been shown to be beneficial to reduce cholesterol and the risk of heart disease." *Meddler*, Doc. 31, p. 9; *Floyd*, Doc. 56, p.10. Indeed, in both *Floyd* and *Meddler* Judge Sherrill in recommending entry of summary judgment in favor of the FDOC admitted he had

"doubts as to the validity of [these] claims" but permitted them to be served. Nonetheless, Judge Sherrill concluded that the allegations of digestive problems from eating soy protein – which are the same as alleged by the Plaintiff in this case – are not substantial and do not rise to the level of a constitutional injury. Judges Hinkle and Mickle both adopted Judge Sherill's recommendation in *Floyd* and *Meddler* and directed the clerk to enter judgment dismissing the complaint.

In this case, Plaintiff's First Amended Complaint does not include any facts suggesting that the Defendants knew that soy protein is harmful to Plaintiff's health and that with such knowledge Defendants deliberatively ignored the known health risks. Moreover, Plaintiff only conclusionally alleges that each individual Defendant should have been aware of the potential harm to Plaintiff's body merely by virtue of the Defendant's position within the FDOC.  There are no allegations the Defendants have been placed on notice by any person or governmental agency that soy protein is harmful.

Plaintiff has also failed to provide particularized allegations regarding the serious medical issues Plaintiff suffered as a result of the ingestion of soy protein.  While Plaintiff alleges that he has had to use hemorrhoid cream, constipation medicines and stool softeners there are no allegations that Plaintiff has been examined and it has been determined that he has suffered any identifiable medical issue from eating soy protein – other than constipation, an unfortunate consequence of living in a restricted environment such as a prison. Simply put, Plaintiff has failed to allege facts demonstrating he suffers from a serious medical need or that experiencing digestive issues such as flatulence or constipation rises to the level of a constitutional violation.

*Case No: 4:11-cv-624-WS-GRJ*

Plaintiff was given an opportunity to amend and despite the Court having advised Plaintiff of the shortcomings in his claim, Plaintiff's amended complaint failed to cure the deficiencies.  Therefore, giving Plaintiff the chance to further amend his complaint would not serve any useful purpose because in view of the decisions in other cases in this district –  all of which conclude that such claims do not rise to the level of a constitutional violation –  Plaintiff cannot allege any set of facts sufficient to state a claim upon which relief may be granted.

## IV.  Conclusion

Accordingly, based on the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IN CHAMBERS**, at Gainesville, Florida, this 2nd day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**